UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

BRYAN A. LAMEY,                                                 No. 14-13729 ta7

    Debtor.

LOS ALAMOS NATIONAL BANK,

    Plaintiff,

v.                                                                       Adv. No. 15-1029

BRYAN A. LAMEY and
ANN LAMEY,

    Defendants.

## **OPINION**

Before the Court is Plaintiff's partial motion for partial summary judgment that Defendant had actual or constructive knowledge about a certain mortgage on property his company bought. After reviewing the papers and hearing arguments of counsel, the Court concludes that Defendant should be charged with constructive knowledge of the mortgage. The motion therefore will be granted in part.

### I.    FACTS

The Court finds that the following material facts are not in genuine dispute:[1]

Next Level, LLC is a New Mexico limited liability company ("Next Level"). At all relevant times, Robert Maese was the President and/or signatory for Next Level.

Before August 30, 2012, Next Level owned the following real property:

---

[1] At oral argument, Plaintiff presented additional exhibits upon the Court's request. *See* Fed. R. Civ. P. 7056(e). Any ruling in this motion is not binding upon the Trustee. *See* doc. 134.

Hacienda De Mesilla Phase 1, in the City of Las Cruces, Las Cruces, Dona Ana County, New Mexico, as the same is shown and designated on the plat on Plat No. 2979, filed in the Office of the County Clerk of said county on June 30, 1997 and recorded in Book 18, Page 718

(the "Property").

At that time, the Property was encumbered by the following mortgages and other liens:

a. A mortgage to First Community Bank, recorded in the Dona Ana County real estate records on August 14, 2007, instrument #0728132;
b. An assignment of rents to First Community Bank, recorded in the Don Ana County real estate records on August 14, 2007, instrument #0728133;
c. A mortgage to Martinez Whatley Rental Partnership, etc., recorded in the Dona Ana County real estate records on August 14, 2007, instrument #0728134; and
d. A mortgage to KZRV, L.P., recorded in the Dona Ana County real estate records on June 30, 2011, instrument #1115333 (the "KZRV Mortgage").

United Real Estate Las Cruces, LLC ("United Las Cruces"), United Real Estate Holdings, LLC ("United Holdings"), and United RV Holdings, LLC (together, the "United LLCs") are New Mexico limited liability companies. At all relevant times, Defendant was the sole managing member of the United LLCs.

One or more of the United LLCs were interested in buying the Property. Defendant sought a loan from Plaintiff to complete the purchase.

On or about July 24, 2012, Las Cruces Abstract & Title Company (the "Title Company") issued a Commitment for Title Insurance relating to the Property (the "Title Commitment"). United Real Estate was shown as the proposed buyer, while Plaintiff was shown as the proposed lender and mortgagee. The Title Commitment disclosed the three mortgages listed above, including the KZRV Mortgage.

Defendant and Plaintiff received copies of the Title Commitment. Defendant reviewed it "to some level."

Closing of the purchase and loan transactions (the "Closing") was held on August 30, 2012, at the Title Company in Las Cruces, New Mexico.

Before the Closing, Lamey was aware that there were mortgages of record against the Property.

Before the Closing, LANB had knowledge of the KZRV Mortgage.

The Title Company understood that Maese would provide a release of the KZRV Mortgage. Based on that belief, the Title Company issued final policies of title insurance to Plaintiff (mortgagee policy) and United Las Cruces (owner's policy) that did not show the KZRV Mortgage as an exception or encumbrance.

The settlement statement prepared by the Title Company, copies of which were signed by Robert Maese (for Next Level) and Defendant (for United Las Cruces), reflects payoffs for the first and second mortgages, but does not mention the KZRV Mortgage.

After closing, KZRV refused to release its mortgage.

Thus, United Las Cruces took title to the Property subject to the KZRV Mortgage, and Plaintiff's mortgage securing its $1,650,000 loan, which was supposed to be in first position, was junior to the KZRV Mortgage.

In 2014, Plaintiff brought a collection action against the United LLCs, Defendant, and others in the Third Judicial District Court, State of New Mexico, commencing cause no. D-307-CV-2014-01754 (the "State Court Action"). Defendant and others filed affirmative defenses and counterclaims in the State Court Action, asserting, inter alia, that Plaintiff should have told them about the KZRV Mortgage.

Plaintiff filed a motion for summary judgment in the State Court Action on August 4, 2016. In the motion Plaintiff argued, inter alia, that Maese's knowledge about the KZRV Mortgage

should be imputed to Defendant and the United LLCs. On October 4, 2016, the state court entered an order granting the motion in part and denying it in part (the "State Court Order"). The State Court Order denied Plaintiff's summary judgment motion on the imputed knowledge theory.

Plaintiff made a claim against the Title Company under its mortgagee policy. On October 10, 2016, KZRV signed a release of its mortgage, apparently in exchange for payment of an undisclosed amount by the Title Company. The release of mortgage was recorded in Dona Ana County on October 14, 2016, as instrument #1623830.

## II. DISCUSSION

A. <u>Summary Judgment Standards</u>. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the … court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997).

To deny a motion for summary judgment, genuine fact issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

B. <u>Actual Knowledge</u>.

Like every other person or entity affected by the Closing, Defendant most likely knew about the KZRV Mortgage. It would have been a dereliction of his duties as the United LLCs'

sole managing member if Defendant had supervised the purchase of the Property for $1,650,000 without reading schedule B of the Title Commitment. Nevertheless, the only evidence in the record is that Defendant reviewed the Title Commitment "to some level." This testimony leaves open the possibility that the "level" did not rise high enough for Defendant to have noticed the exception for the KZRV Mortgage. Due to this uncertainty, the Court will not grant Plaintiff's request for summary judgment that Defendant had actual knowledge of the KZRV Mortgage.

    C.    <u>Constructive Knowledge</u>.

Plaintiff also argues that Defendant should be held to have constructive knowledge of the KZRV Mortgage, even if there are fact issues about his actual knowledge.

        1.    <u>Subsequent purchasers have constructive knowledge of recorded instruments</u>. The KZRV Mortgage was recorded in the real property records of Dona Ana County, New Mexico on June 30, 2011. The recording was:

> . . . notice to all the world of the existence and contents of the instruments so recorded from the time of recording.

N.M.S.A. 1978 § 14-9-2. Construing this section, the New Mexico Supreme Court said:

> NMSA 1978, Section 14–9–2 provides that an instrument recorded in accordance with Section 14–9–1 "shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording." By judicial interpretation, 'all the world' has been limited to mean those persons who are bound to search the record, and it is to such persons only that the law imputes constructive notice. . . **Subsequent purchasers are charged with such notice**.

*Angle v. Slayton*, 102 N.M. 521, 523 (S. Ct. 1985) (citations omitted; emphasis added). *See also Allen v. Timberlake Ranch Landowners Ass'n*, 138 N.M. 318, 327 (Ct. App. 2005) (citing and following *Angle*); *In re Atkinson*, 126 B.R. 713, 717 (Bankr. N.D. Tex. 1991) (same). *See also In re Crowder*, 2007 WL 7689183, at *4 (Bankr. D.N.M.) (citing *Angle* in dicta).

The purpose for requiring that instruments affecting real estate title be recorded is to

-5-
Case 15-01029-t    Doc 138    Filed 05/05/17    Entered 05/05/17 15:59:25 Page 5 of 10

provide a "place and a method by which an intending purchaser . . . can safely determine just what kind of title [the purchaser] is in fact obtaining." *City of Rio Rancho v. Amrep SW. Inc.*, 260 P.3d 414, 426 (N.M. App. 2011) (quoting *Romero v. Sanchez*, 83 N.M. 358, 361 (S. Ct. 1971). *See also Arias v. Springer*, 42 N.M. 350, 359 (S. Ct. 1938) (the object of the recording statute is to prevent injustice by protecting those who, without knowledge of infirmities of title, invest money in property).

As set out in *In re Kasparek,* 426 B.R. 332, 339 (10th Cir. BAP 2010), a treatise on real property titles had the following discussion about recording statutes such as N.M.S.A. § 14-9-2:

> [A] purchaser is charged with notice of any matters affecting the title that are expressly set forth in any instrument or proceeding that forms an essential link in the chain of title . . . . Thus, when an earlier conveyance is of record, a subsequent purchaser cannot fulfill the statutory or judicial requirement of "innocent" or "without notice." The legal consequences of constructive notice from the record and actual notice are the same. So long as an instrument is properly recorded within the chain of title, the fact that a subsequent purchaser searched the records and failed to find it does not prevent its giving notice. Subsequent purchasers are charged with the notice the record creates, whether they search the records or not— if they do not examine the records they are charged with constructive notice of their contents; if they examine them, they have actual notice of their contents.

Joyce Palomar, 1 *Patton and Palomar on Land Titles* § 17 (3d ed. 2009) (footnotes omitted).

Defendant was a subsequent purchaser and managing member of the United LLCs, and is the quintessential person chargeable with constructive notice of a recorded mortgage.

       2.      <u>Alternatively, Defendant had a duty to inquire</u>. Even apart from the rule that subsequent purchasers have constructive notice of all recorded instruments, Defendant had a duty to inquire about the state of the record because he knew of the first and second mortgages and received the Title Commitment. A party may be deemed to have constructive notice if, under the facts and circumstances, it had a duty to inquire. *See, e.g., City of Rio Rancho*, 260 P.3d at 422-23 (once a prospective purchaser obtains knowledge of facts that trigger a duty to inquire about the

-6-

title, that purchaser must perform a "reasonably diligent investigation," which "would lead to the knowledge of the requisite facts by the exercise of ordinary diligence and understanding."); *Hunt v. Ellis,* 27 N.M. 397, 401 (S. Ct. 1921) (same); *Sawyer v. Barton,* 55 N.M. 479 (S. Ct. 1951) (when facts brought to the knowledge of the prospective purchase should prompt reasonable inquiry but purchaser fails to inquire, she will be charged with knowledge of all facts that a reasonable inquiry would have disclosed); *Camino Real Enterprises, Inc. v. Ortega*, 107 N.M. 387, 388 (S. Ct. 1988) (party may be deemed to have constructive notice where "in the exercise of ordinary care he ought to inquire.").

Defendant knew about the first and second mortgages, so he should have made a diligent inquiry about the status of title. Moreover, he received the Title Commitment and had a duty to perform a reasonably diligent investigation. If he did not, he nevertheless would be charged with the knowledge such an inquiry would have produced, i.e. the KZRV Mortgage.

The Court concludes that Defendant had constructive knowledge of the KZRV Mortgage when United Las Cruces bought the Property on August 30, 2012. If a sophisticated commercial buyer of commercial real estate does not have a duty to search the real estate records, especially after he knows that the real estate is encumbered, then the constructive notice concept would be meaningless.

D.  Res Judicata

Defendant argues that the state court's denial of Plaintiff summary judgment motion is res judicata, preventing the Court from granting the Motion.[2] Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Sil-Flo, Inc. v. SFHC, Inc*., 917 F.2d

---

[2] Defendant did not raise issue preclusion, and the Court will not address it.

1507, 1520 (10th Cir.1990) (citation omitted). In determining whether a state court judgment is res judicata in federal court, the Tenth Circuit applies state court res judicata rules. *Brady v. UBS Financial Services, Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008). In New Mexico, "A party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter v. Pierce*, 342 P.3d 54, 57 (N.M. 2015).

The State Court Order, which denied Plaintiff's motion for summary judgment on the imputed knowledge theory, is not a final order. *See, e.g., Gates v. N.M. Taxation & Revenue Department*, 143 N.M. 446, 449 (Ct. App. 2007) (partial summary judgment orders are not appealable final orders when other claims are left unresolved, but rather, can only be heard via an interlocutory appeal), *citing Govich v. North American Systems, Inc.*, 112 N.M. 226, 229 (S. Ct. 1991); *Tabet Lumber Co., Inc. v. Romero*, 117 N.M. 429 (S. Ct. 1994) (denial of a motion for summary judgment is an interlocutory order). *See also* 15B Wright and Miller, Federal Practice and Procedure 2d § 3914.28 (summary judgment order disposing of fewer than all claims is not final. Moreover, orders denying summary judgment are normally not final orders). Defendant's res judicata argument therefore lacks merit.

Further, the only overlapping issue in the State Court Action and this adversary proceeding is whether Plaintiff was entitled to summary judgment "on all defenses and counterclaims based on the allegation that LANB did not disclose the existence of the KZRV Mortgage to the United Entities." However, Plaintiff's argument in state court was that Maese's knowledge of the KZRV Mortgage should be imputed to Defendant because "generally, the knowledge of the board of directors, officers or agents of a corporation is imputed to the corporation." The state court apparently

was not persuaded by the imputed knowledge argument.

Such an argument has not been made to this Court. Similarly, it appears Plaintiff did not argue constructive notice to the state court. Because the arguments in the two courts are so different, the doctrine of res judicata does not apply. A particular legal argument (e.g. imputed knowledge) is not the same as a claim. It is possible for a party to file several summary judgment motions on the same claim, arguing alternative legal theories. If one summary judgment motion is denied, that does not mean that res judicata bars any supplemental filings on different legal theories.

    E.    *Rooker-Feldman*.

"The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). The *Rooker-Feldman* doctrine only applies to actions filed in federal court after state court proceedings are final. *Miller*, 666 F.3d at 1261; *Cook v. Baca*, 512 Fed. Appx. 810, 817 (10th Cir. 2013); *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006). State proceedings generally become final after the highest state court has affirmed a judgment or the time to appeal has expired. *Cook v. Baca,* 512 Fed. Appx. at 817. In New Mexico, "partial summary judgment orders are not appealable final orders when other claims are left unresolved." *Gates v. N.M. Tax. and Rev.*, 143 N.M at 449.

Here, no judgment has been entered in the State Court Action on the United LLCs counterclaims or affirmative defenses. The *Rooker-Feldman* doctrine therefore does not apply.

    III.    <u>CONCLUSION</u>

Defendant most likely had actual knowledge, and certainly is charged with constructive knowledge, of the KZRV Mortgage.  Plaintiff is entitled to summary judgment on the issue of constructive knowledge.  The Court will enter a separate partial summary judgment consistent with this opinion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: May 5, 2017

Copies to:

James Jurgens
100 La Salle Cir Ste. A
Santa Fe, NM 87505-6976

James Burns
1801-B Rio Grande Blvd NW
Albuquerque, NM 87104

Ed Mazel
Daniel White
1122 Central Ave. SW, Ste. 1
Albuquerque, NM  87102